24 C.C.P.A.(Patents)

## In re ARMACOST.

### Patent Appeal No. 3689.

#### Court of Customs and Patent Appeals.

#### Nov. 30, 1936.

O. V. Thiele and James J. Whalen, both of New York City, for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner rejecting claims numbered 18 to 23, inclusive, of appellant's application for patent.

All of the claims before us are apparatus claims. Certain method claims have been allowed. Claims 18 and 19 are illustrative and read as follows:

"18. A superheater having a plurality of units each including heat absorbing elements extending adjacent corresponding elements of other units, at least portions of certain corresponding elements of said units being positioned sufficiently close together as to materially reduce the effective heat absorbing surface of the superheater, as compared with its heat absorbing surface when said certain elements are materially spaced, for reducing the final temperature of steam from the superheater; and means for holding said certain elements in said close positions to maintain said final steam temperature at substantially the reduced value.

"19. A superheater having headers, a plurality of substantially U-shaped units arranged side by side with the bridge sections of the U's disposed horizantally and extending adjacent each other in spaced relation; adjustable connections between the ends of said U-shaped units and said headers for changing the U-shaped angles between the headers and said units and thereby permitting adjustment of the spacing between the bridge sections of adjacent units to an extent sufficient to materially change the effective heat absorbing surface of the superheater for altering the final temperature of steam from the latter; and supporting means engaging the bridge sections of said units and holding them in their adjusted positions to maintain said final temperature at substantially the altered value."

The references cited are: Harris, 1,-791,559, February 10, 1931; McPhail (British), 20,057, November 2, 1901.

The nature of the alleged invention is concisely described by the Board of Appeals in its decision as follows: "The appealed claims relate to a superheater for steam boilers. Such superheater is formed of a plurality of units in the nature of shaped pipes connected in parallel to headers with provisions for so adjusting the spacing of the pipe units in varying degrees either at the time of setting up the superheater or afterwards as to secure predetermined degree of superheat for the steam. It depends upon the principle that the closer together the spacing thereof, even including contact of the tubing, the less heat will be absorbed from the furnace gases."

The patent to Harris shows a superheater of the same type as that disclosed by appellant, the tubes being supported by hangers which are adjustable. The drawings, Figure 2, show the superheater tubes spaced at substantially equal distances from each other, and none of the tubes are in close contact with each other. No reference is made in the patent to the spacing of the tubes.

The patent to McPhail shows a superheater of the same general type as disclosed by certain of appellant's drawings. Nothing is found in this patent with respect to the spacing of the tubes.

The novelty relied upon by appellant, and which he claims involved the exercise of the inventive faculty, consists in the spacing of the tubes so as to regulate the amount of superheat produced, his theory being that when the tubular elements are positioned in closely spaced relation the passages therebetween are restricted so that the quantity of gases contacting their opposite surfaces is lessened, and the effective heat-absorbing surfaces of the tubes is thereby reduced. By this means of spacing it is unnecessary to remove any of the superheater tubes from the boiler if too much heat is produced, which removal of tubes, appellant states, was the practice in the prior art.

Appellant, as hereinbefore observed, has been allowed method claims for the accomplishment of this purpose.

As observed by the Examiner, if these claims are allowed, manufacturers of superheaters, to avoid infringement, would be compelled so to space the tubes that the maximum amount of heating is obtained, for if placed so that such maximum amount was not obtained, because of the tubes being somewhat closer together than necessary for this purpose, appellant's patent for apparatus would be infringed. In the statement of the Examiner we find the following: " * * * If the designer of a superheater of the type shown in either Harris or McPhail should desire the superheater to be compact and thus space the tubes closely, that superheater would be an infringement of the claim, notwithstanding the fact that no teaching whatever may be derived from applicant's disclosure. Obviously, applicant is entitled to no such protection as this. Applicant has not discovered and taught the art that superheater tubes may be closely spaced. There is no novelty in such an arrangement. It is perfectly obvious to those skilled in the art that superheater tubes may be given any desired spacing, and that the spacing in many cases is dependent upon the required amount of superheat surface and the available space in which it must be installed. Applicant's invention consists in the method of varying the capacity of a superheater comprising varying the spacing of the superheater tubes. Merely because applicant has invented this method of changing the capacity of an existing superheater, is no reason for allowing an apparatus claim which is so broad as to include a superheater in which the designer chose or was forced to adopt a close spacing of the tubes."

We do not think that appellant has shown himself entitled to a monopoly in a construction which, in view of the prior art, a skilled mechanic, without regard to anything taught by appellant and for considerations other than that which appellant has in view, might well adopt. For instance, such a mechanic might, because of limited space, place the tubes closer together than necessary to secure the maximum heating effect.

The claims here involved are for structure, and inasmuch as we believe that the structure involved in his claims is such as would be expected from one skilled in the art, under certain conditions, the claims were properly rejected by the Patent Office tribunals.

The decision of the Board of Appeals is affirmed.

Affirmed.